**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MADELINE MCNEASE**                                                                        **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.** 3:17-cv-671-CWR-FKB

**ACADIA HEALTHCARE COMPANY, INC.**
**d/b/a MILLCREEK REHABILITATION OF PICAYUNE**                       **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Madeline McNease, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Federal Labor Standards Act (FLSA). In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Madeline McNease, is a resident of Pearl River County, Mississippi.

2.      Defendant, Acadia Healthcare Company, Inc., is a foreign corporation doing business in Mississippi and may be served through its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

**JURISDICTIONAND VENUE**

3.      This Court has federal question and diversity of citizenship jurisdiction and venue is proper in this court.  The amount in controversy is in excess of $75,000.

**STATEMENT OF FACTS**

4.      Plaintiff was hired as a Program Assistant with Millcreek Rehabilitation of Picayune in September of 2012.

1

5.     Plaintiff came to Millcreek after working twenty years for companies that were funded by the Mississippi Department of Mental Health.

6.     Throughout her time at Millcreek Rehabilitation of Picayune, Plaintiff made multiple complaints that the caretakers were falsely reporting their time sheets in violation of Title 29, Part 516 of the Code of Federal Regulations.  They were padding their overtime claims to get more in Medicaid funds.

7.     Plaintiff had made complaints of inaccurate time records and Medicaid fraud before which led to the first Director's termination.

8.     On October 10, 2016, Plaintiff made Director of Administration and Compliance, Linda Burkett, and Human Resources, aware of Millcreek's practices that she believed constituted Medicaid fraud.  This was the second time Plaintiff had reported Medicaid fraud.

9.     On October 25, 2016, Plaintiff was called on the telephone to join in a phone conference with Linda Burkett and a Human Resource employee and was terminated.  Burkett stated that Plaintiff was "the cause of all the problems" at Millcreek Rehabilitation.

10.     In truth, Plaintiff was terminated after making her supervisor aware of multiple acts of Medicaid fraud and failure to keep adequate time records by Millcreek.

### CAUSES OF ACTION

### COUNT ONE:  FLSA RETALIATION

11.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 10 above as if fully incorporated herein.

2

12.     Pursuant to 29 C.F.R. 516.2, Defendant is required to keep accurate time records for its non-exempt hourly employees.

13.     Defendant retaliated against Plaintiff for complaining about Defendant intentionally failing to keep accurate time records as required by the FLSA.

14.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same under the remedies available pursuant to the Fair Labor Standards Act, including but not limited to compensatory and punitive damages.

## COUNT TWO: WRONGFUL TERMINATION

15.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 14 above as if fully incorporated herein.

16.     Defendant retaliated against Plaintiff by terminating her employment after she reported criminally illegal activity by the Defendant and Defendant's employees.

17.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

18.     The acts of the Defendant constitute a willful and intentional violation of Mississippi Common law and constitutes the tort of wrongful termination which entitles Plaintiff to damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Back wages and reinstatement; or

3

2.      Reinstatement or future wages in lieu of reinstatement;
3.      Liquidated damages;
4.      Compensatory wages;
5.      Punitive damages;
6.      Attorney fees and costs; and
7.      Such other relief as the Court deems just and appropriate.

THIS the 15th day of August 2017.

Respectfully submitted,

MADELINE MCNEASE, PLAINTIFF

By:    s/Louis H. Watson, Jr.
       Louis H. Watson, Jr.  (MB# 9053)
       Nick Norris (MB# 101574)
       Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com